**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher and Arden Morley, | No. CV 04-1874-PCT-ECV |
| Plaintiffs, | **ORDER** |
| vs. | |
| Lorre Smith, et al., | |
| Defendants. | |

Pending before the court are Motions for Summary Judgment filed by Defendants Harry and Ruth Todice, and Kristine and Steve Alessio. Doc. #64, Doc. #74.[1] The Todices' motion, filed on October 26, 2006, is supported by a Statement of Facts. Doc. #65. The Alessios' motion, filed on November 10, 2006, is supported by a Separate Statement of Facts and three declarations. Doc. #70-#73.

Plaintiffs filed a Response to Todice Motion for Summary Judgment on December 11, 2006, along with a supporting Statement of Facts and a Statement of Disputed Facts. Doc. #88-#90. On December 21, 2006, the Todices filed a Reply and an Opposition to Plaintiffs' Statement of Facts and Objection to Declaration of Arden Morley. Doc. #97, #98. Plaintiffs

---

[1] Defendants have requested an oral argument on the motions. The court has the discretion to grant or deny a request for oral argument. See LRCiv. 7.2(f). Here, upon review of the motions, the responses and replies, the court finds that an oral argument would not assist the court in reaching a decision. The written filings provide sufficient information for the court to issue a ruling.

filed a Response to the Todices' Opposition to Plaintiffs' Statement of Facts and Objection to Declaration of Arden Morley on January 3, 2007.

Plaintiffs filed a Response to Alessio Motion for Summary Judgment on December 13, 2006. Doc. #92. They did not file a separate statement of facts in support of their response. On December 28, 2006, the Alessios filed a Reply along with Objections to Declaration of Arden Morley Filed in Support of Plaintiffs' Response. Doc. #101, #102. Plaintiffs filed a Response to the Alessios' Objections to Declaration of Arden Morley on January 16, 2007.

## DISCUSSION[2]

### A.  Summary Judgment Legal Standard

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994). The materiality requirement means "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Substantive law determines which facts are material. Anderson, 477 U.S. at 248. The dispute must also be genuine, meaning "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. The court determines whether there is a genuine issue for trial but does not weigh the evidence or determine the truth of matters asserted. Jesinger, 24 F.3d at 1131.

---

[2] Because both motions for summary judgment raise essentially the same issues, the court will discuss them together. Accordingly, the court will refer to the Alessio and Todice defendants collectively as "Defendants," unless a more specific identification is necessary for clarity.

**B. Trade Libel**

A claim for trade libel requires a plaintiff to prove that the defendant intentionally published an injurious falsehood disparaging the quality of the plaintiff's property and that such publication resulted in pecuniary loss to the plaintiff. See Gee v. Pima County, 126 Ariz. 116, 612 P.2d 1079 (1980). Defendants contend that they are entitled to summary judgment on this claim because a conditional privilege applies. Plaintiff's argue that the privilege does not extend to trade libel claims and that Defendants' conduct exceeded the scope of the privilege.

In the order dismissing Plaintiffs' defamation claim, Judge Carroll analyzed the conditional privilege defense and concluded that the privilege applied because "Defendants acted pursuant to their interest as TICA members in protecting the integrity of the organization." Doc. #27 at 10. This court concludes that the privilege applies with equal force to the trade libel claim. See Unelko Corp. v. Rooney, 912 F.2d 1049, 1058 (9th Cir. 1990) (Trade libel is "subject to the same first amendment requirements that govern actions for defamation."). Given the similarity between a trade libel claim and a standard defamation claim, it follows that the conditional privilege should apply to both. Plaintiffs have presented no authority to conclude otherwise.

Moreover, Plaintiffs fail to provide any evidence for their contention that Defendants abused or exceeded the scope of the privilege. Plaintiffs bear the burden "to show that the privilege was abused by showing that the defendant was acting with malice in fact." Aspell v. American Contract Bridge League, 122 Ariz. 399, 401, 595 P.2d 191, 193 (App. 1979).

Plaintiffs assert that Defendants abused the privilege by disseminating the allegedly defamatory e-mails to individuals who were not TICA members, including prospective buyers of their cats, but present no evidence to support this assertion. Plaintiffs' statement of facts in response to the Todice motion merely states that Arden Morley "alleges that a defamatory petition was circulated to members and non-members of TICA...." Doc. #89 at 2. Moreover, in a declaration attached to Plaintiffs' response to the Alessios' motion for

1   summary judgment, Arden Morley concedes that she does not know who belongs to TICA.
2   Doc. #92 at 13.

3   Having failed to present any evidence showing that the Todices or the Alessios
4   distributed the e-mails or any other allegedly defamatory materials to people outside the
5   TICA organization, Plaintiffs have not met their burden to show malice. Even if Plaintiffs
6   could demonstrate that any e-mails were sent to non-TICA members, there's no evidence it
7   was done with malice. Plaintiffs therefore cannot show that the privilege was abused.
8   Accordingly, the court concludes that the conditional privilege applies and Defendants are
9   entitled to summary judgment on the trade libel claim.

10  **C.      Tortious Interference With Prospective Economic Advantage**

11  A claim for tortious interference with prospective economic advantage requires: (1)
12  the existence of a valid contractual relationship or business expectancy; (2) the defendant's
13  knowledge of the relationship or expectancy; (3) improper and intentional interference by the
14  defendant inducing or causing a breach or termination of the relationship or expectancy; and
15  (4) resultant damage to the party whose relationship or expectancy has been disrupted.
16  Miller v. Servicemaster, 174 Ariz. 518, 521, 851 P.2d 143, 146 (1992). Defendants contend
17  that Plaintiffs have presented no evidence to show that they improperly interfered with any
18  contractual relationship or business expectancy between Plaintiffs and potential buyers of
19  their cats. Plaintiffs claim that Defendants, acting in concert with others, interfered with the
20  sale of four cats, and possibly others.

21  Defendants cite to Plaintiff Arden Morley's deposition testimony in which she states
22  that two customers refused to buy cats from her because of Defendant Lorre Smith's
23  statements that Ms. Morley would be thrown out of TICA and that her cats could not be
24  registered. Doc. #74 at 10-12; Doc. #64 at 4-6. In addition, Ms. Morley testified that the
25  other two customers refused to buy because Defendant Joy Peel talked them out it. Id.
26  Defendants therefore argue that by Ms. Morley's own admissions, other individuals interfered
27  with the sale of her cats, not Defendants.
28

1    Plaintiffs argue that pursuant to A.R.S. § 12-2506, Defendants were acting in concert
2 with those other individuals and therefore can be held liable. However, Plaintiffs present no
3 evidence to show that Defendants acted with Lorre Smith or Joy Peel to intentionally
4 interfere with the sales of her cats. Moreover, Plaintiffs fail to offer any evidence whatsoever
5 that Defendants even knew of these potential contractual relationships or business
6 expectancies.[3] Plaintiffs have also not presented any evidence that the e-mails sent by
7 Defendants caused a termination of any contractual relationship or business expectancy.
8 Plaintiffs offer nothing more than mere allegations and speculation to support this cause of
9 action. In the absence of any evidence, summary judgment will be granted for Defendants.

## D.   Intentional Infliction of Emotional Distress

A claim for intentional interference of emotional distress requires proof of four elements: (1) the conduct must be intentional or reckless; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress must be severe. Midas Muffler Shop v. Ellison, 133 Ariz. 194, 197, 650 P.2d 496, 499 (App. 1982). "'[I]t is for the court to determine whether on the evidence severe emotional distress can be found.'" Id. (quoting Venerias v. Johnson, 127 Ariz. 496, 499, 622 P.2d 55, 58 (App. 1980). Defendants contend that the conduct alleged against them was not extreme and outrageous. Plaintiffs argue that Defendants' conduct, when considered in conjunction with other defendants' conduct, is sufficiently extreme for the issue to go to a jury.

The Alessio defendants contend that Plaintiffs' intentional infliction of emotional distress claim against them is based on Kristine Alessio's July 8, 2004, e-mail and her declaration in support of the TICA complaint she and others submitted against Plaintiff

---

[3] Obviously, Defendant Kristine Alessio, who was one of the four potential buyers, knew of her transaction with Plaintiff Arden Morley. However, as the Alessio defendants point out, the contractual relationship or business expectancy element of the cause of action must involve the plaintiff and a third party, not the plaintiff and defendant. Doc. #74 at 9.

- 5 -

1  Arden Morley. Doc. #72 at Exh. 1, 2. They argue that the content of the e-mail and the
2  declaration do not rise to the level of extreme and outrageous conduct. Plaintiffs in their
3  response do not identify any other conduct by the Alessios. Doc. #92 at 9-10. Instead, they
4  argue that whether the conduct was extreme and outrageous is a question for the trier of fact,
5  and that pursuant to A.R.S. § 12-2506 the conduct of all the defendants must be considered
6  because they were acting in concert.

7  Plaintiffs provide no authority for their contention that the question of whether the
8  conduct was extreme and outrageous cannot be decided on summary judgment. A court may
9  indeed grant summary judgment on an intentional infliction of emotional distress claim
10 where the court concludes the conduct is not extreme and outrageous. See Helfond v.
11 Stamper, 149 Ariz. 9, 11, 716 P.2d 70, 72 (App. 1986). Regarding Plaintiff's contention that
12 the Alessios acted in concert with other defendants to intentionally inflict emotional distress,
13 Plaintiffs fail to identify the other extreme and outrageous acts for which the Alessios should
14 be held responsible.

15 The court finds that the conduct alleged against the Alessios does not rise to level
16 necessary to support a claim of intentional infliction of emotional distress. The content of
17 Kristine Alessio's e-mail and declaration is not close to being "extreme and outrageous."
18 Moreover, the e-mail and declaration were distributed to a very narrow group of individuals
19 who had an interest in protecting the integrity of TICA, which appears to be Kristine
20 Alessio's intent.

21 The same analysis applies to the Todice defendants. The Todices attach to their
22 Statement of Facts an e-mail sent by Ruth Todice to several different e-mail addresses
23 explaining the importance of the TICA complaint against Arden Morley and asking the
24 recipients to sign and fax it (presumably to TICA). Doc. #65, Exh. D. Nothing about the
25 content of the e-mail or its distribution rises to the level of extreme and outrageous conduct.
26 Furthermore, even if the court found that the Todices and Alessios acted in concert with each
27 other and with other defendants to prepare and send out the e-mails and the TICA complaint,
28 the court would still conclude that the conduct fell far short of the "extreme and outrageous"

1 standard. For these reasons, Defendants are entitled to summary judgment on the intentional
2 infliction of emotional distress claim.

3 **E.    Loss of Consortium**

4 A loss of consortium claim requires a plaintiff to demonstrate that he/she has suffered
5 "a loss of capacity to exchange love, affection, society, companionship, comfort, care and
6 moral support." Miller v. Westcor Ltd. Partnership, 171 Ariz. 387, 395, 831 P.2d 386, 394
7 (App. 1991) (citation omitted). Loss of consortium is a derivative claim such that "all
8 elements of the underlying cause must be proven before the claim can exist." Barnes v.
9 Outlaw, 192 Ariz. 283, 286, 964 P.2d 484, 487 (1998).

10 Defendants argue that because they are entitled to summary judgment on the other
11 claims, the loss of consortium claim cannot survive. Plaintiffs concede that loss of
12 consortium is a derivative claim, but argue that the claim survives because summary
13 judgment should not be granted on the other claims.

14 As the court has concluded in the above discussion, Defendants are entitled to
15 summary judgment on the trade libel, tortious interference with prospective economic
16 advantage, and intentional infliction of emotional distress claims against them. Because no
17 underlying claims remain against Defendants, the loss of consortium claim cannot survive.

18 **IT IS THEREFORE ORDERED:**

19 That Motions for Summary Judgment filed by Defendants Harry and Ruth Todice
20 (Doc. #64), and Kristine and Steve Alessio (Doc. #74) are **granted**; and

21 That Defendants Harry and Ruth Todice and Kristine and Steve Alessio are dismissed
22 from this action with prejudice.

23 DATED this 23rd day of January, 2007.

Edward C. Voss
United States Magistrate Judge