**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher and Arden Morley, | No. CV 04-1874-PCT-ECV |
| Plaintiffs, | **ORDER** |
| vs. | |
| Lorre Smith, et al., | |
| Defendants. | |

Pending before the court is a Motion for Summary Judgment by Defendants James O. Smith and Lorre Smith ("Defendants"), filed on February 5, 2007. Doc. #137.[1] Along with the motion, Defendants filed a "Statement of Facts of Lorre Smith in Support of the Smith's Motion for Summary Judgment." Doc. #138. Plaintiffs filed a Response to Defendants' Motion for Summary Judgment on April 2, 2007. Doc. #159. Plaintiffs did not file a statement of facts in support of their response. Attached to their response is "Plaintiff's Objection/Response to Smiths Statement of Facts in Support of Motion for Summary Judgment." Defendants filed a Reply on April 17, 2007. Doc. #168.

---

[1] Defendants have requested an oral argument on the motion. The court has the discretion to grant or deny a request for oral argument. See LRCiv. 7.2(f). Here, upon review of the motion, response and reply, the court finds that an oral argument would not assist the court in reaching a decision. The written filings provide sufficient information for the court to issue its ruling.

On April 19, 2007, Defendants filed an "Evidentiary Objection to Plaintiffs Affidavit Filed in Support of Plaintiff's Response to the Smith's Motion for Summary Judgment." Doc. #170.  In response, Plaintiffs filed a "Response/ Motion to Strike Defendants' Smith's Evidentiary Objections and Smiths Reply Re: Motion for Summary Judgment."  Doc. #172. Defendants then filed a "Reply/Response to Plaintiff's Motion to Strike and Reply to Plaintiff's Response to Smith's Evidentiary Objection Re Smith's Motion for Summary Judgment."  Doc. #184.  Lastly, Plaintiffs filed a "Reply Re: Smiths Response to Plaintiffs Motion to Strike" on May 14, 2007.  Doc. #192.

## DISCUSSION

**A.     Summary Judgment Legal Standard**

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994).  The party seeking summary judgment "bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323.  The moving party need not support its motion with affidavits or other materials negating the opponent's claim.  Id.  "[T]he burden on the moving party may be discharged by 'showing'- that is, pointing out to the district court-that there is an absence of evidence to support the non-moving party's case."  Id. at 325.

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims."  Celotex, 477 U.S. at 323-24.  Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Id. at 322; see also Citadel Holding Corp. v. Roven, 26 F.3d 960, 964 (9th Cir.

1994). The moving party need not disprove matters on which the opponent has the burden of proof at trial. Celotex, 477 U.S. at 323.

Furthermore, the party opposing summary judgment "may not rest upon the mere allegations or denials of [the party's] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995). There is no issue for trial unless there is sufficient evidence favoring the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. Id. at 249-50.

**B.     Trade Libel**

A claim for trade libel requires a plaintiff to prove that the defendant intentionally published an injurious falsehood disparaging the quality of the plaintiff's property and that such publication resulted in pecuniary loss to the plaintiff. See Gee v. Pima County, 126 Ariz. 116, 612 P.2d 1079 (1980). Defendants contend that they are entitled to summary judgment on this claim because any alleged defamatory statements are protected by the conditional privilege. Plaintiffs argue that the conditional privilege was abused by publishing the statements to individuals outside of TICA.

As in its previous orders granting summary judgment to the other defendants, the court concludes that the conditional privilege applies to the trade libel claim against Defendants. See Unelko Corp. v. Rooney, 912 F.2d 1049, 1058 (9th Cir. 1990) (Trade libel is "subject to the same first amendment requirements that govern actions for defamation."). The court agrees with and adopts Judge Carroll's discussion of this issue in his order dismissing Plaintiffs' defamation claims. Doc. #10 at 8-10.

 "Once a defendant demonstrates that a conditional privilege may apply, the plaintiff may then prove an abuse of that privilege either by proving publication with 'actual malice' or by demonstrating excessive publication." Green Acres Trust v. London, 141 Ariz. 609, 616, 688 P.2d 617, 624 (1984) (citations omitted). Excessive publication is established by

1  demonstrating "publication to an unprivileged recipient not reasonably necessary to protect
2  the interest upon which the privilege is grounded." Id.

3  Plaintiffs argue that Defendants abused the privilege by publishing the TICA
4  complaint to individuals outside of TICA. Even if Defendants distributed the information
5  to individuals outside of TICA, that alone does not establish abuse of the privilege. The
6  interest in protecting the particular breed of cat at issue is not necessarily limited to TICA
7  members. Plaintiffs have the burden to show that publication was made "to an unprivileged
8  recipient not reasonably necessary to protect the interest upon which the privilege is
9  grounded." Green Acres Trust, 141 Ariz. at 616, 688 P.2d at 624. They have not done so.

10  Lastly, Plaintiffs' attempt to include in this claim other allegedly defamatory
11  statements regarding the Mafia and "running from the law" will be rejected. Neither
12  comment disparages the quality of the plaintiff's property and therefore cannot form the basis
13  for a trade libel claim.

14  For these reasons, the court finds that the conditional privilege applies here and
15  Plaintiff has not shown that it was abused. Accordingly, summary judgment will be granted
16  in favor of Defendants on the trade libel claim.

17  **C.    Tortious Interference With Prospective Economic Advantage**

18  A claim for tortious interference with prospective economic advantage requires: (1)
19  the existence of a valid contractual relationship or business expectancy; (2) the defendant's
20  knowledge of the relationship or expectancy; (3) improper and intentional interference by the
21  defendant inducing or causing a breach or termination of the relationship or expectancy; and
22  (4) resultant damage to the party whose relationship or expectancy has been disrupted.
23  Miller v. Servicemaster, 174 Ariz. 518, 521, 851 P.2d 143, 146 (1992). Defendants contend
24  that Plaintiffs have not presented evidence to establish the elements of this claim and
25  therefore they are entitled to summary judgment.

26  Defendants argue that Plaintiffs have not presented any evidence to show that
27  Defendants knew of any business relationship or expectancy. They assert that Plaintiffs have
28

- 4 -

1 not shown how they allegedly interfered or how any alleged harm suffered was caused by
2 Defendants.

3 Plaintiffs first argue that the actions of former defendant Joy Peel-Pohto are
4 attributable to Defendants. Accordingly, they claim that Ms. Peel-Pohto's interference with
5 Rahman Sayeed's purchase of a cat is attributable to Defendants. Plaintiffs have attempted
6 throughout this case to attribute the acts of one defendant to all the others. The court has
7 rejected such attempts, and for the reasons set forth in previous orders will do so again here.
8 Ms. Peel-Pohto's alleged interference with Mr. Sayeed's transaction is not attributable to
9 Defendants.

10 Plaintiffs next argue that Defendant Lorre Smith interfered with their business
11 expectancies by submitting the TICA complaint. They further contend that a mere
12 expectation of a business relationship is sufficient to prove the first element of the cause of
13 action and that Defendants concede three individuals had expressed an interest in Plaintiffs'
14 cats. Plaintiffs, however, fail to cite to any evidence in their response demonstrating that the
15 TICA complaint caused the breach or termination of the business expectancies. Moreover,
16 they present no evidence in their response of any damages suffered as a result of Defendants'
17 alleged interference. Plaintiffs cannot sustain a claim when they cite to no evidence
18 supporting the elements of the cause of action. Summary judgment on this claim will
19 therefore be granted in favor of Defendants.

20 **D.   Intentional Infliction of Emotional Distress**

21 A claim for intentional interference of emotional distress requires proof of four
22 elements: (1) the conduct must be intentional or reckless; (2) the conduct must be extreme
23 and outrageous; (3) there must be a causal connection between the wrongful conduct and the
24 emotional distress; and (4) the emotional distress must be severe. Midas Muffler Shop v.
25 Ellison, 133 Ariz. 194, 197, 650 P.2d 496, 499 (App. 1982). "A plaintiff must show that the
26 defendant's actions were 'so outrageous in character and so extreme in degree, as to go
27 beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable
28 in a civilized community.'" Mintz v. Bell Atlantic Systems Leasing Intern., Inc., 183 Ariz.

1  550, 554, 905 P.2d 559, 563 (App. 1995).  "'[I]t is for the court to determine whether on the
2  evidence severe emotional distress can be found.'" Midas Muffler Shop, 133 Ariz. at 197, 650
3  P.2d at 499 (quoting Venerias v. Johnson, 127 Ariz. 496, 499, 622 P.2d 55, 58 (App. 1980).
4  Additionally, the court is to determine whether the acts complained of are sufficiently
5  extreme and outrageous. Mintz, 183 Ariz. at 554, 905 P.2d at 563.  The issues goes to a jury
6  only if reasonable minds could differ on whether the conduct was sufficiently extreme or
7  outrageous.  Id.

8        There was nothing extreme or outrageous about submitting a complaint to TICA that
9  raised concerns over Plaintiffs' cat breeding and registration practices.  Plaintiffs have not
10 come close to showing otherwise.  Their response fails to present any evidence of conduct
11 about which reasonable minds could differ whether it was sufficiently severe or extreme.
12 Defendants' request for summary judgment on this claim will be granted.

13 **E.     Loss of Consortium**

14       A loss of consortium claim requires a plaintiff to demonstrate that he/she has suffered
15 "a loss of capacity to exchange love, affection, society, companionship, comfort, care and
16 moral support." Miller v. Westcor Ltd. Partnership, 171 Ariz. 387, 395, 831 P.2d 386, 394
17 (App. 1991) (citation omitted).  Loss of consortium is a derivative claim such that "all
18 elements of the underlying cause must be proven before the claim can exist." Barnes v.
19 Outlaw, 192 Ariz. 283, 286, 964 P.2d 484, 487 (1998).

20       As the court has concluded above, Defendants are entitled to summary judgment on
21 the trade libel, tortious interference with prospective economic advantage, and intentional
22 infliction of emotional distress claims against them.  Because no underlying claims remain
23 against Defendants, the loss of consortium claim cannot survive.  Summary judgment for
24 Defendants will be granted on this claim as well.

25 **F.     Evidentiary Objection and Motion to Strike**

26       Defendants' "Evidentiary Objection to Plaintiffs Affidavit Filed in Support of
27 Plaintiff's Response to the Smith's Motion for Summary Judgment" (Doc. #170) and
28 Plaintiffs' "Response/ Motion to Strike Defendants' Smith's Evidentiary Objections and

- 6 -

Smiths Reply Re: Motion for Summary Judgment" (Doc. #172) will be denied as moot. The court did not rely on any of the facts to which Defendants objected or that Plaintiffs sought to strike.

**IT IS THEREFORE ORDERED:**

That the Motion for Summary Judgment by Defendants James O. Smith and Lorre Smith (Doc. #137) is **granted**; and

That Defendants James O. Smith and Lorre Smith are dismissed from this action with prejudice.

**IT IS FURTHER ORDERED:**

That Defendants' "Evidentiary Objection to Plaintiffs Affidavit Filed in Support of Plaintiff's Response to the Smith's Motion for Summary Judgment" (Doc. #170) and Plaintiffs' "Response/ Motion to Strike Defendants' Smith's Evidentiary Objections and Smiths Reply Re: Motion for Summary Judgment" (Doc. #172) are **denied as moot**.

DATED this 26th day of June, 2007.

_____
Edward C. Voss
United States Magistrate Judge